UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA     :
                             :
v.                           :     Case No.: 8:02-CR-31-T-27 TBM
                             :     1:07-cr-181-TCB
MATTHEW B. COX               :
                                   FILED IN CLERK'S OFFICE
                                   U.S.D.C. Atlanta

### INFORMATION

JUN 04 2007

The United States Attorney Charges:

JAMES N. HATTEN, Clerk
By: B Boyle, Deputy Clerk

### COUNT ONE

#### A. Introduction

1. At all times material to this Information, The Provident Bank, doing business as Provident Consumer Financial Services, was located in Cincinnati, Ohio, and was engaged in the business of providing mortgage financing. The Provident Bank (hereinafter "Provident") required qualified borrowers to contribute equity in the form of a down payment from personal funds or other collateral amounting to a certain percentage of the sales price of the property. To determine the credit worthiness of a qualified borrower, Provident required a loan application be executed reflecting the borrower's income, employment history and statements as to assets and liabilities. Furthermore, Provident required proof of the down payment in the form of a Verification of Deposit (VOD), Verification of Employment (VOE) and an appraisal reflecting the value of the sale property.

I certify the foregoing to be a true and correct copy of the original.
SHERYL L. LOESCH, Clerk
United States District Court
Middle District of Florida
By: _____
Deputy Clerk

SCANNED

1

2. Creative Mortgage Brokers, Inc. (hereinafter "Creative") was a Florida Corporation engaged in the business of securing suitable mortgage financing institutions for potential borrowers.

3. Lawyers Title Insurance Corporation (hereinafter "Lawyers"), with its main office in Richmond, Virginia, and doing business in Tampa, Florida, was engaged in the business of facilitating real estate transactions.

### B. The Conspiracy

4. Between on or about March 29, 1999, and on or about May 5, 1999, in the Middle District of Florida, defendant,

**MATTHEW B. COX,**

and coconspirators, both known and unknown to the United States Attorney, did unlawfully, knowingly and willfully combine, conspire, confederate and agree with each other and other individuals, both known and unknown to the United States Attorney, to commit certain offenses against the United States, that is:

To devise and to intend to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises, and transmit and cause to be transmitted by means of wire communication in interstate commerce, writings, signals, pictures, and sounds, for the purpose of executing such scheme and artifice in violation of Title 18, United States Code, Section 1343.

### C. Manner and Means

5. The manner and means utilized to accomplish the objects of the conspiracy included, among others, the following:

**MATTHEW B. COX,**

and other individuals, both known and unknown to the United States Attorney, would and did purchase or cause to be purchased, real estate properties where the marital relationship between the buyer and seller was not made known, creating the appearance of an arms-length transaction.

6. It was further part of the conspiracy that the defendant, MATTHEW B. COX, and other individuals, both known and unknown to the United States Attorney, would and did purchase real estate properties where the seller would agree to hold a fictitious second mortgage. The purpose of this fraudulent second mortgage was to allow the buyer to bring less cash to closing than was required by the terms of the buyer's loan.

7. It was further part of the conspiracy that the defendant, MATTHEW B. COX, and other individuals, both known and unknown to the United States Attorney, would and did cause to be submitted to Provident fake, fraudulent and fictitious representations in loan applications, contracts for sale, VOE's and numerous other documents for the purpose of creating the false appearance that a coconspirator, herein unidentified, was employed by Bay Area Gutters when said unidentified coconspirator was not so employed.

8.   It was further part of the conspiracy that the defendant, MATTHEW B. COX, and other individuals, both known and unknown to the United States Attorney, would and did conduct these activities in a manner calculated to conceal and cover up the fraudulent nature of the mortgage loans and otherwise mislead and deceive the lending institutions.

### D. Overt Acts

9.   On or about April 29, 1999, the defendant, MATTHEW B. COX, caused to be submitted to Provident, through Creative, a Uniform Residential Loan Application on behalf of the borrower which fraudulently states that the borrower was employed by Bay Area Gutters.

10.   On or about April 29, 1999, the defendant, MATTHEW B. COX, caused to be submitted to Provident, through Creative, a fraudulent Contract for Sale and Purchase with Addendum to Contract which fraudulently states that the seller was to hold a second mortgage.

11.   On or about May 5, 1999, the defendant, MATTHEW B. COX, caused to be submitted to Provident, through Lawyers Title, a fraudulent HUD-1 Settlement Statement which fraudulently states that the seller was to hold a second mortgage.

12. On or about May 5, 1999, the defendant, MATTHEW B. COX, caused Provident to wire transfer funds from Ohio to Lawyers Title Insurance Corporation in Florida.

All in violation of Title 18, United States Code, Section 371.

MAC CAULEY
United States Attorney

BY: *Carolyn J. Adams*
CAROLYN J. ADAMS
Assistant United States Attorney
Chief, Special Prosecutions Section